**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-14284-CV-ROSENBERG**
**CASE NO. 18-14011-CR-ROSENBERG**
**MAGISTRATE JUDGE REID**

CHARLTON LA CHASE,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

## REPORT OF MAGISTRATE JUDGE

Movant has filed a *pro se* motion to vacate under 28 U.S.C. § 2255 attacking his conviction in the underlying criminal case. [Cv-ECF No. 1]. As discussed below, the motion should be dismissed as untimely.

### I. Background

In a superseding indictment, a grand jury charged movant with three counts of transmitting threats through interstate and foreign communications, in violation of 18 U.S.C. § 875(c) (counts one through three), making false statements, in violation of 18 U.S.C. § 1001(a)(2) (count four), and obstructing justice, in violation of 18 U.S.C. § 1512(c)(1) (count five). [Cr-ECF No. 43 at 1-5].[1]

Generally, the superseding indictment was based on text messages that movant, who is deaf, sent while outside of the United States and in which he threatened to harm his sister and her family in the name of ISIS. *See* [Cr-ECF No. 72 at 16-20].

---

[1] All citations to ECF entries refer to the page-stamp number at the top, right-hand corner of the page.

Pursuant to a written plea agreement, movant pleaded guilty to counts two and three. [Cr-ECF No. 58 at 1]. The plea agreement contained a broad appeal waiver. [*Id.* at 3-4].

A magistrate judge conducted a change-of-plea hearing and recommended that movant's guilty plea be accepted. [Cr-ECF Nos. 61, 72].

On January 31, 2019, the court entered judgment, sentencing movant to "a total term of 18 months as to each of counts two and three to run concurrently," [Cr-ECF No. 84 at 2], which was at the very low end of the guideline imprisonment range, PSI ¶ 104. Movant did not file a notice of appeal.

## II.     Summary Dismissal Under 28 U.S.C. § 2255

Rule 4 of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." The Rule requires the court to "perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" (citation omitted)). "Both a procedural bar and a merits-based deficiency could lead a district court to conclude that movant is 'not entitled to relief.'" *Paez*, 947 F.3d at 654. In reviewing a motion under Rule 4, courts must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (per curiam) (citation omitted).

## III.     Analysis

Pertinently, 28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

2

(1) the date on which the judgment of conviction becomes final[.] . . .

Here, the district court entered movant's judgment of conviction on January 31, 2019. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the judgment became final fourteen days later on February 14, 2019. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, movant did not file the instant motion until August 4, 2020. [Cv-ECF No. 1 at 14, 16]. Therefore, because movant filed his motion almost 1.5 years after his judgment of conviction became final, it is untimely under § 2255(f)(1).

Movant alleges that he did not appeal because he is "deaf and mute" and "no one help[ed him]." [Cv-ECF No. 1 at 4]. Likewise, he alleges that he has a "hard time" reading the English language. [*Id.* at 13]. He also alleges that his lawyer did not "care" about him or tell him about a §2255 motion. [*Id.* at 10-11]. He adds that his "lawyer said no worth appeal last 2019 [sic]." [*Id.* at 13].

Movant has not adequately alleged that he is entitled to equitable tolling. Section 2255 is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). But equitable tolling is proper only if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory." (citation omitted)).

Here, movant's allegations about his deafness, lack of education, and language difficulties are wholly conclusory and, hence, fail to warrant equitable tolling. Although the court recognizes that movant is deaf, deafness, in and of itself, does not warrant equitable tolling. *Cf. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)). Furthermore, movant has not adequately explained why he could file his *pro se* § 2255 motion now but not sooner considering that he has been deaf since birth, PSI ¶ 69, and therefore, was deaf during the one-year limitations period. Moreover, even if his deafness "were sufficiently debilitating to constitute [an] 'extraordinary circumstance[]' justifying equitable tolling," he has not adequately alleged that he "exercised enough diligence in pursuing his § 2254 petition during the limitation period." *See Lang v. Alabama*, 179 F. App'x 650, 652 (11th Cir. 2006) (per curiam). Movant has not identified any steps that, despite his deafness, he took "to ensure that his petition was timely filed." *See McBee v. Warden*, 671 F. App'x 763, 764 (11th Cir. 2016) (per curiam) (citation omitted).

Movant's allegations of lack of education and language barriers are similarly insufficient to warrant equitable tolling. *Jackson v. McLaughlin*, No. 17-11474-B, 2017 WL 4844624, at *2 (11th Cir. July 12, 2017) (unpublished order) (citation omitted); *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) ("[E]quitable tolling [cannot] be premised on [an inmate's] lack of education[.]" (citations omitted)); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (per curiam) ("difficulties with the English language" usually do not support a claim of equitable tolling). Notably, he wrote his *pro se* § 2255 motion in English. Although he may have "some difficulty" in reading and writing in English, PSI ¶ 93, he has not explained how this difficulty prevented him from filing his motion sooner.

Plaintiff's allegation that his lawyer did not tell him about a § 2255 motion does not warrant equitable tolling because defendants have "no constitutional right to counsel in [a] § 2255 proceeding[.]" *Saunders v. United States*, 380 F. App'x 959, 964 (11th Cir. 2010) (per curiam). Therefore, this allegation does not establish negligence on counsel's part. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1237 (11th Cir. 2017) ("[A]n attorney's negligence, even gross negligence, or misunderstanding about the law is not by itself a serious instance of attorney misconduct for equitable tolling purposes[.]").

One could liberally construe movant's remaining allegations to allege that counsel provided ineffective assistance in connection with his direct appeal. *See generally Roe v. Flores-Ortega*, 528 U.S. 470 (2000). However, movant does not allege that his attorney "fail[ed] to file an appeal [that he] specifically request[ed]." *See Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477). Furthermore, his wholly conclusory allegations do not support a reasonable inference that he "reasonably demonstrated to counsel that he was interested in appealing." *See Flores-Ortega*, 528 U.S. at 480. His allegations are simply too conclusory to warrant a reasonable inference that counsel provided ineffective assistance in connection with his direct appeal, causing him to lose this right. *See generally Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (section 2255 movant's allegations must satisfy the "heightened pleading requirement[s]" under Rule 2 of the Federal Rules Governing § 2255 Proceedings); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (per curiam) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)).

In sum, this motion is time-barred.

### IV.    Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. As discussed above, "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). On this record, there is no basis to infer that movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar. *See also Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (conclusory allegations supporting § 2255 claim do not warrant an evidentiary hearing (collecting cases)).

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, a certificate of appealability should be denied. If movant disagrees, he may so argue in any objections filed with the district judge.[2]

## VI. Recommendations

Based on the foregoing, it is recommended:

1. That movant's § 2255 motion [Cv-ECF 1] be dismissed as untimely;

2. That no certificate of appealability issue; and

3. That judgment be entered and the case closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 5th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Charlton La Chase
17080-104

---

[2] "If the district court considers the timeliness the [§ 2255 motion] sua sponte, it must give the [movant] 'fair notice and an opportunity to present [his] position[].'" *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 623 (11th Cir. 2015) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)). This report serves as fair notice. *Paez*, 947 F.3d at 655. Furthermore, the opportunity to object to this report, coupled with the space on the § 2254 form to address timeliness, constitute a fair opportunity to respond. *See id.*; *see also Manzini v. The Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam).

Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101
PRO SE

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov